UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| WILLIAM WALLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 12-CV-3263 |
| ) | |
| PEOPLE OF THE STATE OF ) | |
| ILLINOIS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and currently detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis on his request for a temporary restraining order to stop alleged misconduct in his state court detention proceedings.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if

1

such privilege were not afforded to them." Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim. A hearing was scheduled to assist in this review, but the hearing will be cancelled as unnecessary.

Plaintiff alleges that the State improperly relied on Plaintiff's juvenile records in Plaintiff's probable cause hearing under the Illinois Sexually Violent Persons Act, resulting in Plaintiff's wrongful detention. Plaintiff contends that his juvenile records are confidential and that the admission of his juvenile records violated state law. He further contends that the State acted maliciously in arguing that a statutory exception allowed consideration of his juvenile records. Plaintiff has attempted to correct the alleged wrong in his state court proceedings but has not succeeded. Plaintiff has not yet had his trial on whether he is a sexually

violent person; yet, he remains detained pursuant to the probable cause finding. In this case, Plaintiff asks for a temporary restraining order but does not specify the particular relief he seeks.

If Plaintiff is asking the Court to intervene in his state detention proceedings, the Court cannot do so. First, a violation of state law is not, by itself, a violation of federal law. Guarjardo-Palma v. Martinson, 622 F.3d 801, 806 (7th Cir. 2010)("[A] violation of state law is not a ground for a federal civil rights suit."). A federal court is not an enforcer of state law. Allison v. Snyder, 332 F.3d 1076, 1079 (7th Cir. 2003)(The federal constitution does not "permit a federal court to enforce state laws directly."). Therefore, if the introduction of Plaintiff's juvenile records violates only state law, this Court does not have the authority to enjoin the violation. The Court cannot discern the violation of any federal right arising from the introduction of Plaintiff's juvenile records in state court.

Second, even if the Court could discern a federal violation, the Court cannot interfere in pending state commitment proceedings.

Sweeney v. Bartow, 612 F.3d 571 (7th Cir. 2010).  The plaintiff in Sweeney, while awaiting a trial under the Illinois Sexually Violent Persons Act, filed a federal habeas corpus action, challenging the state court's denial of his motion to dismiss on ex post facto grounds.  The Seventh Circuit Court of Appeals upheld the dismissal of the habeas action pursuant to Younger v. Harris, 401 U.S. 37 (1971), which in general prohibits federal court interference in state court criminal proceedings.  The Seventh Circuit in Sweeney held that the Younger doctrine required the federal court to abstain from interfering in civil commitment proceedings under the Illinois Sexually Violent Persons Act unless "immediate federal intervention is necessary to prevent the challenge from becoming moot[,]" such as a speedy trial or double jeopardy challenge.  Sweeney, 612 F.3d at 573.  As in Sweeney, here Plaintiff's challenges are not in danger of becoming moot.

    In sum, Plaintiff states no federal claim, and, even if he did, the Court cannot interfere in his state commitment proceedings.  Accordingly, his petition to proceed in forma pauperis will be denied.

IT IS THEREFORE ORDERED:

1. Plaintiff's petition to proceed in forma pauperis is denied (d/e 2). The hearing scheduled for October 29, 2012, is cancelled. The clerk is directed to notify Plaintiff's detention facility of the cancellation. All pending motions are denied as moot, and this case is closed. The clerk is directed to enter judgment.

2. If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

ENTERED:

FOR THE COURT:

                                                      s/Sue E. Myerscough
                                                  SUE E. MYERSCOUGH
                                       UNITED STATES DISTRICT JUDGE